**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Case No. 21-61344-CIV-ALTMAN/Hunt

**D.N.**, by her next friends, **JESSICA N.**, mother, and **GARY N.**, father,

      *Plaintiff,*

  v.

**GOVERNOR RONALD DESANTIS**, in his official capacity as Governor of Florida; **FLORIDA HIGH SCHOOL ATHLETIC ASSOCIATION**; **BROWARD COUNTY SCHOOL BOARD**; **FLORIDA STATE BOARD OF EDUCATION**; and **COMMISSIONER RICHARD CORCORAN**, in his official capacity as Commissioner of Education,

      *Defendants.*

**PROPOSED INTERVENOR SELINA SOULE'S
REPLY IN SUPPORT OF MOTION TO INTERVENE**

TABLE OF CONTENTS

Table of Authorities ................................................................................................................ iii
Introduction ............................................................................................................................. 1
Argument ................................................................................................................................. 1
    I.   Soule's request is timely, her interests are impacted by this litigation, and she is not adequately represented by Defendants. ...................................... 1
        A.  Soule's request is timely because she sought intervention only three months after this case was filed, and her request will prejudice no one as this case is in its infancy and the deadline for amending adding parties has not even passed. ................................................................. 1
        B.  Soule has a direct and legally protectable interest in fair and safe competition under the Sports Act and she will lose equal opportunities if D.N. wins this litigation. .............................................. 4
        C.  The current parties do not adequately represent Soule's interests because she offers different interests, perspectives, and arguments that Defendants do not and cannot provide. ........................................... 7
    II.  Soule meets the permissive-intervention requirements as her motion is timely and her claim shares common questions of fact and law. ................ 9
    III.  Soule's motion to dismiss is a responsive pleading under Rule 24(c). ........... 9
Conclusion ............................................................................................................................. 10
Certificate of Service ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Brenner v. Scott,*
  298 F.R.D. 689 (N.D. Fla. 2014) .................................................................................... 9

*Chiles v. Thornburgh,*
  865 F.2d 1197 (11th Cir. 1989) ..................................................................................... 4

*Citizens United v. Federal Election Commission,*
  558 U.S. 310 (2010) .................................................................................................. 4, 5

*Clark v. Arizona Interscholastic Association,*
  695 F.2d 1126 (9th Cir. 1982) ....................................................................................... 5

*Cohen v. Brown University,*
  991 F.2d 888 (1st Cir. 1993) ......................................................................................... 5

*DA Mortgage, Inc. v. City of Miami Beach,*
  486 F.3d 1254 (11th Cir. 2007) ..................................................................................... 4

*Danner Construction Company v. Hillsborough County,*
  No. 809-CV-650-T-17TBM, 2009 WL 2525486 (M.D. Fla. Aug. 17, 2009) ............... 9

*Florida v. Becerra,*
  No. 8:21-cv-839-SDM-AAS, 2021 WL 3209861 (M.D. Fla. July 29, 2021) ............... 4

*Georgia v. U.S. Army Corps of Engineers,*
  302 F.3d 1242 (11th Cir. 2002) ..................................................................................... 4

*Glenn v. Brumby,*
  663 F.3d 1312 (11th Cir. 2011) ..................................................................................... 8

*Grutter v. Bollinger,*
  188 F.3d 394 (6th Cir. 1999) ......................................................................................... 6

*Hecox v. Little,*
  479 F. Supp. 3d 930 (D. Idaho 2020) .................................................................. 2, 6, 8

*Huff v. Commissioner of IRS,*
  743 F.3d 790 (11th Cir. 2014) ................................................................................... 7, 8

*International Union of Operating Engineers Local 139 v. Schimel,*
  863 F.3d 674 (7th Cir. 2017) ......................................................................................... 4

*John Doe No. 1 v. Reed,*
  561 U.S. 186 (2010) ....................................................................................................... 4

*North Carolina State Conference of NAACP v. Berger,*
  999 F.3d 915 (4th Cir. 2021) ......................................................................................... 9

*Piambino v. Bailey,*
  757 F.2d 1112 (11th Cir. 1985) ..................................................................................... 9

*Reeves v. Wilkes*,
    754 F.2d 965 (11th Cir. 1985) ............................................................................... 1

*Resort Timeshare Resales, Inc. v. Stuart*,
    764 F. Supp. 1495 (S.D. Fla. 1991) ...................................................................... 7

*Soule v. Connecticut Association of Schools*,
    No. 3:20-cv-00201 (RNC), 2021 WL 1617206 (D. Conn. April 25, 2021) .................. 3

*Sterling v. Sellers*,
    817 F. App'x 895 (11th Cir. 2020) ........................................................................ 6

*Trbovich v. United Mine Workers of America*,
    404 U.S. 528 (1972) ............................................................................................ 7

*U.S. v. Thomason*,
    991 F.3d 910 (8th Cir. 2021) ............................................................................... 3

*U.S. v. Varner*,
    948 F.3d 250 (5th Cir. 2020) ............................................................................... 3

*WJA Realty Limited Partnership v. Nelson*,
    708 F. Supp. 1268 (S.D. Fla. 1989) .................................................................. 2, 9

**Statutes**

Fla. Stat. § 1006.71(2)(a) ........................................................................................ 7

**Rules**

Fed. R. Civ. P. 24(c) ........................................................................................... 2, 9

## INTRODUCTION

Plaintiff D.N. argues that Florida's Fairness in Women's Sports Act is inconsistent with D.N.'s rights under Title IX and the U.S. Constitution, and asks this Court to enjoin the Act. Selina Soule, a female athlete at a Florida public school, is squarely protected by the Act and has a clear interest in its survival. This distinguishes her from countless others who merely support the law. Unlike other citizens, Soule is directly threatened by D.N.'s lawsuit because a ruling in D.N.'s favor could invalidate the Act entirely or so cabin the Act's scope as to render it ineffective.

Just as athletes across the country have been permitted to intervene in similar lawsuits and defend their interests to participate in athletics, Soule should be allowed to intervene here. Her intervention request is timely. D.N. only speculates that intervention will cause delay or prejudice. Soule has a unique legal interest in the Sports Act's survival. She intends to raise different arguments and different defenses that set her apart from the State. And her intervention request is procedurally proper under Rule 24(c). Her request should be granted.

## ARGUMENT

**I. Soule's request is timely, her interests are impacted by this litigation, and she is not adequately represented by Defendants.**

**A. Soule's request is timely because she sought intervention only three months after this case was filed, and her request will prejudice no one as this case is in its infancy and the deadline for amending adding parties has not even passed.**

Soule moved to intervene only three months after this case was filed. At that point, the only substantive activities in the case comprised a motion to dismiss, a response to that motion (filed one day before intervention), and entry of a scheduling order. No discovery has been taken, the deadline to amend pleadings and add parties is yet to come, and trial is nine months away. Soule easily meets the four-part timeliness test: (1) no unreasonable delay; (2) no prejudice to opposing party if request is granted; (3) prejudice to intervening party if denied; and (4) unusual circumstances favor intervention. *Reeves v. Wilkes*, 754 F.2d 965, 968-69 (11th Cir. 1985).

1

First, even if Soule learned of this lawsuit at filing, she still tried to intervene a short three months later—before any significant litigation had occurred. D.N. does not dispute or attempt to distinguish the cited cases that found such a quick intervention request to be timely. *See, e.g.,* Mot. to Intervene 6, Doc. 46 (citing these cases). Nor does D.N. cite a single case to the contrary. In fact, D.N.'s own request to protect D.N.'s "sensitive or confidential information" stresses how controversial this case is and why a litigant—particularly a young woman like Soule who already faced vitriol on this matter—may want to carefully weigh her options before intervening. Joint Conference Report 5, Doc. 40.

Despite Soule's timeliness, D.N. speculates that intervention will trigger delay. Pl.'s Opp'n to Mot. to Intervene 3-5, Doc. 55. But D.N. does not explain how, even when Soule's request came *a month before* the agreed-upon deadline for joining parties. Order Setting Trial 2, Doc. 41. Soule also intends to abide by this Court's scheduling order. She filed a proposed motion to dismiss as the parties were briefing that motion and complied with the rules of procedure. *See* Fed. R. Civ. P. 24(c) (requiring intervention motion to be accompanied by pleading); *see also WJA Realty Ltd. P'ship v. Nelson*, 708 F. Supp. 1268, 1272 (S.D. Fla. 1989) (adequate pleading to intervene is not limited to rule 7(a) pleading). Soule's motion to dismiss can be decided with Defendants' motion without any delay. D.N. has provided no basis to think that adding Soule will "throw[] the existing case schedule into doubt". Pl.'s Opp'n 4.[1]

Second, D.N. asserts that Soule's motion is prejudicial, but identifies no actual prejudice to anyone. Instead, D.N. resorts to personal attacks on Soule and her counsel. Pl.'s Opp'n 4-5. But Soule has shown no discourtesy to D.N. or D.N.'s counsel in case. And these attacks on counsel are also irrelevant. Indeed, the district court in *Hecox v. Little* rejected the exact same argument as a basis for denying intervention there. 479 F. Supp. 3d 930, 957 (D. Idaho 2020) (objection to counsel's language was

---

[1] D.N.'s delay concerns are undercut by D.N.'s recent requests to extend multiple deadlines in this case. *See* Pl.'s Mot. for Extension of Time, Doc. 36; Unopposed Mot. for Extension of Time, Doc. 37; Stipulation to Extend Time to Exchange Rule 26 Disclosures, Doc. 54; Unopposed Mot. for Extension of Time, Doc. 59.

"not a reason to deny" the female athletes the "opportunity to intervene to support a law of which they are the intended beneficiaries."). The same logic applies here.

Moreover, Soule's litigation decisions in a separate case (which does not affect D.N.) provide no basis for thinking Soule's intervention would prejudice D.N. here. In *Soule v. Connecticut Association of Schools*, Soule's counsel wrote and spoke with necessary accuracy about the objective, physical differences between the sexes—an issue central to that case and at the core of Title IX. No. 3:20-cv-00201 (RNC), 2021 WL 1617206 (D. Conn. April 25, 2021). Regrettably, Soule's counsel were forced to defend their right, as advocates, not to be forced to speak messages with which their *clients* disagreed and which undermined their legal arguments on behalf of their clients in that case. Circuit courts have agreed that these arguments are proper. *See U.S. v. Varner*, 948 F.3d 250, 254-55 (5th Cir. 2020) ("no authority supports the proposition that we may require litigants…to refer to gender-dysphoric litigants with [preferred] pronouns…"); *U.S. v. Thomason*, 991 F.3d 910, 915 (8th Cir. 2021) (same). While D.N. may disagree with Soule's position that males and females are biologically different, disagreement with a party's litigation position is not prejudice.

In fact, this difference is a reason to admit Soule, not deny her. This case largely turns on what it means to be female and how to define "sex"—textually, linguistically, scientifically, and conceptually. D.N.'s concession that Soule will advocate for this position, both consistently and forcefully, sets her apart from D.N. and Defendants and underscores the need for her to participate in these proceedings.

Third, as discussed below in Section I.B., Soule has a real legal interest in this case and would suffer irreversible prejudice if she were excluded. Should this Court accept D.N.'s broad arguments or enjoin the Act facially or partially, Soule will have no recourse to protect her legal interest.

Fourth and finally, this case's unique circumstances favor intervention. Even D.N. highlights that Soule will bring in a unique perspective about college athletics and raise issues involving "different factual and expert concerns such as the availability of college scholarships and the impact of transitioning later in life." Pl.'s Opp'n 5. The Court deserves to hear these issues in full. Understanding the broad

3

impact that an adverse legal decision concerning the Sports Act may have on the young women across Florida for whom it was enacted is not a "time-consuming distraction" *id.*: it is necessary for judicial economy and administration of justice.

### B. Soule has a direct and legally protectable interest in fair and safe competition under the Sports Act and she will lose equal opportunities if D.N. wins this litigation.

The Sports Act protects Soule, which gives her much more than a generalized grievance in this lawsuit. She is not just someone who happens to agree with the law; she directly benefits from it. Soule only has to show a "direct, substantial, [and] legally protectible interest in" this case. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1251 (11th Cir. 2002) ("the interest … belong[s] to or [is] owned by the applicant."). And if her interest is "substantially affected in a practical sense by the determination" made here, she should "be entitled to intervene." *Florida v. Becerra*, No. 8:21-cv-839-SDM-AAS, 2021 WL 3209861, at *2 (M.D. Fla. July 29, 2021). Soule clears these hurdles.

For one, D.N.'s lawsuit endangers Soule's interest in ensuring she only has to compete against other female athletes. D.N. tries to minimize this, saying D.N. only seeks "as-applied" relief. Pl.'s Opp'n 10. But the label is not what matters; the nature of D.N.'s claims and arguments do. "[W]e examine the plaintiff's cause of action for what it actually is, not for what the plaintiff would have it be." *DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1262 (11th Cir. 2007). *See also John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) ("The important point is *that plaintiffs' claim and the relief that would follow*…reach beyond the particular circumstances of these plaintiffs,") (emphasis added); *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010) ("The parties cannot enter into a stipulation that prevents the Court from considering certain remedies *if those remedies are necessary to resolve a claim* that has been preserved.") (emphasis added); *Int'l Union of Operating Engineers Loc. 139 v. Schimel*, 863 F.3d 674, 679 n. 3 (7th Cir. 2017) (analyzing plaintiff's claim as facial despite specific request for "as applied" relief).

And D.N.'s claims and arguments are sweeping in scope. D.N. argues that sex in Title IX always includes gender identity and excluding athletes based on gender identity under Title IX is always discrimination. Pl.'s Opp'n 1; Compl., Doc. 1 ¶ 62. D.N. also argues that gender identity is a protected class under the Equal Protection Clause and that making biological distinctions triggers heightened scrutiny. *Id.* ¶¶ 69, 71. Those arguments extend far beyond D.N.'s specific factual circumstances and impact Soule—as even D.N.'s counsel agrees. *See* Aryn Fields, *Human Rights Campaign Files Lawsuit Against Florida's Transgender Sports Ban*, Human Rights Campaign (June 30, 2021) [https://perma.cc/S4NR-PVY5] (describing lawsuit as an effort to protect the "transgender community" and "transgender kids"); Madeleine Carlisle, *HRC Files Lawsuit Challenging Florida's Trangender Sports Ban*, Time (June 20, 2021) [https://perma.cc/PKK4-J8ZD] (lawsuit protects "transgender young people").

If the Court accepts these broad arguments, Soule will lose her protections. And contrary to D.N's claims, this Court may well enjoin the law facially, or enter an order than greatly cabins it, because that's exactly where D.N.'s broad arguments lead. *See, e.g.* Mem. Op. & Order, *B.P.J. v. W. Va. State Bd. of Educ.*, No. 2:21-cv-00316 (S.D. W. Va. filed May 26, 2021) Doc. 67 (noting in similar case that court may find similar law "facially unconstitutional" even after plaintiff sought and obtained temporary as-applied relief); *Citizens United*, 558 U.S. at 330-31 (considering and providing facial relief despite parties stipulating to dismissing that challenge).

D.N. also casts doubt on Soule's interest. Pl.'s Opp'n 5-9. But courts are clear: "there is no question" that a woman's right to an equal athletic opportunity is a "legitimate and important" interest. *Clark v. Ariz. Interscholastic Ass'n*, 695 F.2d 1126, 1131 (9th Cir. 1982). Equal opportunity was the main goal in creating Title IX. *Cohen v. Brown Univ.*, 991 F.2d 888, 897 (1st Cir. 1993). Soule wants to ensure she

5

can thrive in her sport uninhibited by male competition.² As a female athlete on a public school NCAA Division I team, Soule is the Sports Act's intended beneficiary.

Still, D.N. claims that Soule's interest in equal athletic opportunity is not "particularized" and only "generalized," citing *Sterling v. Sellers*, 817 F. App'x 895 (11th Cir. 2020), to say Soule cannot rewrite a lawsuit to construct a particularized interest. Pl.'s Opp'n 6-7. But the *Sterling* court decided that an inmate in one prison did not have an interest in actions at another prison when the situation turned on the actions of two specific officers and not because of a state-wide law. *Id*. Not so here. Even though Soule may not directly compete against D.N., the Sports Act still protects Soule. And D.N.'s broad legal arguments about the meaning of sex go far beyond D.N.'s particular circumstances.

On D.N.'s theory, an intervenor would have to directly compete against D.N. in the same sport, in the same event, on the same day or be otherwise directly involved in D.N.'s alleged activity. Pl.'s Opp'n 7-9. But D.N. cites no case to justify that parsimonious approach. The test for intervention asks whether the case affects Soule's interests, not whether she personally interacted with D.N. The courts in *Hecox v. Little* and *Grutter v. Bollinger* followed that approach, by looking at whether intervenors' interests were affected, not the level of direct contact among the parties. The district court in *Hecox*, for example, considered if the female athletes' interests were impacted when forced to compete against male competitors in general, not specific male competitors. 479 F. Supp. 3d at 951. And the Sixth Circuit in *Grutter* considered whether minority students had an interest in a school's admissions rule that was under challenge. 188 F.3d 394, 396-98 (6th Cir. 1999). Because the rule could

---

² Soule referring to D.N. as "male" is not relevant to deciding Soule's interest in intervening in this case. Pl.'s Opp'n 8 n.2. She has written with necessary accuracy as the Sports Act addresses objective, physical differences between the sexes.

benefit them by aiding them in gaining admission to the school, the students had a "substantial interest" in the rule.³

What's more, Soule has a direct interest in obtaining the resources set aside for female athletes. Fla. Stat. § 1006.71(2)(a) (2021). Allowing males that identify as females to compete in female sports depletes resources specifically set aside for women. D.N. claims, with no explanation, that Soule has only a "generalized interest" in this case, and cites *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1497 (S.D. Fla. 1991), to say a general interest is not enough. Pl.'s Opp'n 6-7. In that case, however, the intervenor was an association seeking intervention to challenge the constitutionality of a law for which it had lobbied. The court found that a "lobbying interest is too nebulous" to support intervention. *Stuart,* 764 F. Supp. at 1499. Soule is not merely an advocate of the Sports Act—she is a *beneficiary* of the Sports Act. Soule has a direct interest in protecting the Sports Act that enables her to fairly compete.

### C. The current parties do not adequately represent Soule's interests because she offers different interests, perspectives, and arguments that Defendants do not and cannot provide.

Defendants do not adequately represent Soule's unique interest in upholding the Sports Act because she offers different perspectives and arguments than Defendants. D.N. does not deny these differences. Instead, D.N. emphasizes that Defendants are vigorously defending the Sports Act and have filed long pleadings in this case. Pl.'s Opp'n 13. Adequacy of intervention does not turn on effort or pleading length. This Court should decide any doubts about representation adequacy in Soule's favor. *Trbovich*, 404 U.S. at 538 n.10 (satisfied if representation of interest "'may be' inadequate" and "burden of making that showing should be treated as minimal.").

This standard favors Soule. As the Eleventh Circuit has held, even if a proposed intervenor takes "the same litigation position" as existing parties, "different

---

³ Despite D.N.'s contrary argument (Pl.'s Opp'n 9), the intervention standard in these circuits tracks the Eleventh Circuit's standard, which is "flexible" and imposes a "minimal" burden. *Huff v. Comm'r of IRS*, 743 F.3d 790, 796 (11th Cir. 2014); *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

7

interests and capabilities" can still satisfy the "minimal" inadequate-representation requirement. *Huff*, 743 F.3d at 800-801. This is key. While D.N. says a "tactical difference" or "differences in litigation strategy" do not suffice Pl.'s Opp'n 12, Soule offers much more than strategy differences. She will raise affirmative defenses that Defendants cannot raise and pursue interests defendants lack—her *personal* interest in equal athletic opportunity. This differs from the State's "sovereign interests in the administration of its" law or sports system. *Huff*, 743 F.3d at 800. Indeed, in this case *only* Soule can speak to a stigma that Title IX guards against—losing equal opportunities to male athletes who identify as female.

      Soule's arguments are also distinct from Defendants'. First, Soule argues that Title IX *requires* sex-separate sports teams for girls and boys in contests of speed, strength, or physical contact. While Defendants discuss Title IX's regulations in passing, they do not stress that sex-separate sports teams are required under Title IX in all these circumstances. Defs.' Mot. to Dismiss 7, Doc. 33. Soule is arguing a different interpretation of Title IX, much like the intervenors in *Hecox* interpreted state law differently. 479 F. Supp. 3d at 955. Soule is not just offering a different tactical argument but offering an affirmative defense Defendants do not.

      Second, Soule argues that gender identity is not a protected class under Title IX or the Equal Protection Clause.[4] Defendants do not make this necessary argument in their motion to dismiss. If this Court accepts D.N.'s definition of equal protection, then Florida cannot have biologically separate sports teams, directly impacting Soule.

      D.N. fails to respond to these arguments. Instead, D.N. offers a series of unsupported and contradictory arguments. D.N. first argues that Soule's arguments and potential experts are so different from Defendants' that it will delay this case (Pl.'s Opp'n 5), but later argues that Soule and Defendants' arguments and interests are too closely aligned to be distinguished (Pl.'s Opp'n 13). D.N. cannot have it both ways. In reality, Soule and Defendants do raise different arguments, interests, and

---

[4] While *Glenn v. Brumby* established gender identity as a protected class under Title VII, that holding does not apply to Title IX. 663 F.3d 1312 (11th Cir. 2011).

8

facts, but these differences will not cause delay. This Court and the parties can efficiently resolve the different arguments within the proposed scheduling timeframe.

## II. Soule meets the permissive-intervention requirements as her motion is timely and her claim shares common questions of fact and law.

Along with meeting the requirements for intervention as of right, Soule meets those for permissive intervention. First, her motion is timely. *See supra* § I.A. D.N. argues Soule will complicate the litigation by adding "multiple litigation strategies." Pl.'s Opp'n 14 (citing *N.C. State Conf. of NAACP v. Berger*, 999 F.3d 915, 939 (4th Cir. 2021). D.N. cites *Brenner v. Scott* to say Soule will add more complexity to the case if the Court permits her intervention. 298 F.R.D. 689, 691 (N.D. Fla. 2014). But the *Brenner* court decided the intervenor would only complicate the litigation as they had no "personal stake" in the case. *Id*. Again, D.N. cannot claim that Soule's arguments are the same as Defendants or merely complicate the litigation.

Second, Soule's involvement provides a more complete airing of the issues in dispute in this lawsuit. Her presence is needed to argue her affirmative defenses that Title IX requires sex-separated sports teams, and that gender identity is not a protected class. D.N. is not trying to eliminate separate boys and girls teams; rather, gaining access to the separate girls' team is the entire goal of this case. Permitting biological males to compete against women like Soule destroys her equal opportunities under Title IX. She satisfies the conditions for permissive intervention.

## III. Soule's motion to dismiss is a responsive pleading under Rule 24(c).

D.N. argues that this Court should read Fed. R. Civ. P. 24(c) to find that a motion to dismiss is not a "pleading" under the rule, rendering Soule's motion procedurally defective. Pl.'s Opp'n 16. But the Eleventh Circuit and this District have rejected this strict reading. *Piambino v. Bailey,* 757 F.2d 1112, 1120-22 (11th Cir. 1985); *Nelson*, 708 F. Supp. at 1272; *see also Danner Constr. Co. v. Hillsborough Cnty.,* No. 809-CV-650-T-17TBM, 2009 WL 2525486 (M.D. Fla. Aug. 17, 2009). "The purpose of requiring an intervenor to file a pleading is to place the other parties on notice of the position, claim, and relief sought by the intervenor." *Nelson*, 708 F. Supp. at 1272.

9

Soule's motion to dismiss and the accompanying papers give D.N. notice of the "position, claim, and relief sought." D.N. is not prejudiced as the motion spells out Soule's position in more detail than an answer could.

## CONCLUSION

Soule deserves to be heard, for herself, and for other women in her position. She will aid resolution of the issues in this case, not cause delay or prejudice. Soule has shown that she meets the test for intervention as of right and permissively. For these reasons, Soule respectfully requests that this Court grant her request to intervene to defend the Sports Act.

Respectfully submitted this 12th day of October, 2021.

*Joseph S. Van de Bogart*
Joseph S. Van de Bogart, Esq.
Florida Bar No. 084764
Van de Bogart Law, P.A.
2850 North Andrews Avenue
Fort Lauderdale, FL 33311
Telephone: (954) 567-6032
Facsimile: (954) 568-2152
joseph@vandebogartlaw.com

Christiana Holcomb*
D.C. Bar No. 176922
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
cholcomb@adflegal.org

Jonathan Scruggs*
Arizona Bar No. 030505
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (440) 444-0020
Facsimile: (440) 444-0028
jscruggs@adflegal.org

Ryan Bangert*
Texas Bar No. 24045446
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (440) 444-0020
Facsimile: (440) 444-0028
rbangert@adflegal.org

*Attorneys for Proposed-Intervenor*

*\*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF filing system, which will send electronic notice of such filing to all counsel of record.

*Joseph S. Van de Bogart*
Joseph S. Van de Bogart, Esq.
Florida Bar No. 084764
Van de Bogart Law, P.A.
2850 North Andrews Avenue
Fort Lauderdale, FL 33311
Telephone: (954) 567-6032
Facsimile: (954) 568-2152
joseph@vandebogartlaw.com

*Counsel for Proposed-Intervenor*