UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| D.N., by her next friends, JESSICA N., mother, and GARY N., father,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GOVERNOR RONALD DESANTIS, in his official capacity as Governor of Florida; *et al*.,<br><br>　　　　　　　　　Defendant. | Case No. 21-61344-CIV-ALTMAN/Hunt |

**PROTECTIVE ORDER**
**GOVERNING CONFIDENTIAL AND SENSITIVE INFORMATION**

THIS MATTER is before the Court on the parties' Joint Motion for Entry of Protective Order. The Court has reviewed the motion along with the proposed Order and its attached Exhibit A. The Court finds that good cause exists to protect from disclosure the identities and certain other information of the Plaintiff Family Members, in order to protect their health, safety and well-being, pursuant to Federal Rule of Civil Procedure 26(c). Therefore, it is hereby ORDERED that:

**1.**　***Information Protected as Confidential Attorneys' Eyes Only Information.***

　　**a.**　**General Rule.** This Protective Order shall govern the treatment of Discovery Material produced in this case, regardless of whether the producing person is a party or nonparty to the case.

　　**b.**　**"Discovery Material" Defined.** "Discovery Material" means initial and supplemental disclosures, deposition testimony, answers to interrogatories, documents or records in any form including electronically stored information (whether in response to a request for

production or a subpoena), responses to requests for admission, records associated with any examination of any kind, and any record of testimony including transcripts and audio and/or visual recordings.

      **c.**      **"Plaintiff Family Member" Defined.** "Plaintiff Family Member" means next friend Jessica N., next friend Gary N., or any of their children, including D.N.

      **d.**      **"Confidential Attorneys' Eyes Only Information" Defined.** "Confidential Attorneys' Eyes Only Information" means Discovery Material, or information derived from or reflecting the contents of Discovery Material, if it contains:

    i.    Any information that, alone or in combination, is linked or linkable to a Plaintiff Family Member that would allow a reasonable person in that Plaintiff Family Member's community to identify that Plaintiff Family Member with reasonable certainty. Such information includes, but is not limited to, the Plaintiff Family Member's name, parent, spouse, child, or other Plaintiff Family Member's name, address (past or present), personal identifiers such as Social Security number or biometric record, and other indirect identifiers such as date of birth, place of birth, mother's maiden name, and past or present school, teachers, coaches, or extracurricular activities other than activities identified in the Complaint;

    ii.    Any "Personally Identifiable Information" (as defined in 34 C.F.R. § 99.3 in effect on the date of this Order) of a Plaintiff Family Member;

    iii.    Any "Individually Identifiable Health Information" (as defined in 45 C.F.R. § 160.103 ineffect on the date of this Order) of a Plaintiff Family Member;

    iv.    Any information concerning any Plaintiff Family Member that the parties agree should be treated as Confidential Attorneys' Eyes Only Information this Order, through (i) a stipulation signed by counsel for the parties, or (ii) oral agreement by counsel for the parties made on the record and transcribed stenographically;

    v.    Any information concerning any Plaintiff Family Member that the Court may subsequently order to be treated as Confidential Attorneys' Eyes Only Information under this Order, for good cause shown, after consideration of a motion or application by one of the parties.

**2.** *Mechanics of Identifying and Producing Confidential Attorneys' Eyes Only Information.*

Discovery Material will be designated as Confidential Attorneys' Eyes Only Information through the following means:

    **a.** **Production.** A person providing Discovery Material containing Confidential Attorneys' Eyes Only Information will stamp or otherwise clearly mark or affix the words "CONFIDENTIAL—ATTORNEYS' EYES ONLY" on or to each page or digital image that contains protected material or to the cover page of bound or grouped Discovery Material in a manner that will not interfere with legibility or audibility. Discovery Material shall be designated as Confidential Attorneys' Eyes Only Information before or at the time of the production, disclosure, or conveyance of the information. Production of Discovery Material without such a stamp or mark shall not be deemed a waiver, in whole or in part, of the right to designate the Discovery Material as Confidential Attorneys' Eyes Only Information, as otherwise allowed by Paragraph 6 this Order. With respect to Discovery Material obtained from non-parties, the following procedure shall apply:

        i. A party subpoenaing Discovery Material from a non-party shall issue the notice required by Federal Rule of Civil Procedure 45(a)(4) with copies of the proposed subpoena(s).

        ii. Within 30 days after receipt of Discovery Material from a non-party pursuant to a subpoena, the receiving party shall mark any Discovery Material containing Confidential Attorneys' Eyes Only Information as set forth above and serve such Discovery Materials as marked on all other parties.

        iii. The parties agree that, as of the date of this Order, a standing request for copies exists as to each party for all Discovery Material received by any party under subpoena.

    **b.** **Designation During Depositions and Hearings.** If Confidential Attorneys' Eyes Only Information is disclosed during a deposition or hearing other than a deposition of a Plaintiff

Family Member (addressed in Paragraph 3(b) of this Order), either a party or the person providing the information may identify the information as Confidential Attorneys' Eyes Only Information by:

 i. Instructing the court reporter during the deposition or hearing to treat specified testimony or other disclosure as Confidential Attorneys' Eyes Only Information, in which case the court reporter will label each page of the transcript that contains Confidential Attorneys' Eyes Only Information with the words "CONFIDENTIAL—ATTORNEYS' EYES ONLY"; or

 ii. Labeling transcript pages containing Confidential Attorneys' Eyes Only Information with the words "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and providing a copy of the labeled transcript to opposing counsel and the court reporter within ten calendar days after receipt of the transcript.

**c.**   **Qualified Protective Order.** This Order shall serve as a qualified protective order under Health Insurance Portability and Accountability Act of 1996 and its implementing regulations, 45 C.F.R. § 164.512(e), and shall serve as an order allowing covered entities (as defined in 45 C.F.R. § 160.103), including health care providers, to produce medical records and other documents requested in this case so long as such materials are produced in a manner that complies with this Order, including the provisions of Paragraph 2(a).

**d.**   **Objections to Designation.** Any designation of Discovery Material as Confidential Attorneys' Eyes Only Information is subject to challenge. The following procedures shall apply to any such challenge.

 i. The burden of proving that the Discovery Material falls within one or more categories set out in Paragraph 1(d) rests with the party asserting confidentiality.

 ii. A party who contends that any Discovery Material is not entitled to designation as Confidential Attorneys' Eyes Only Information shall give written notice to the party who affixed the designation of the specific basis for the challenge and shall make good faith efforts to determine whether the dispute can be resolved without judicial intervention before seeking an Order overruling the designation.

4

   iii. Notwithstanding any challenge to the designation, the Discovery Material at issue shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

     I. the party who claims that the Discovery Material is confidential withdraws the designation in writing; or

     II. the Court rules that the Discovery Material is not entitled to protection as Confidential Attorneys' Eyes Only Information.

Challenges to a confidentiality designation may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**3.** *Depositions.*

 **a.** **Handling of Documents.** Whenever any document designated as Confidential Attorneys' Eyes Only Information is identified as an exhibit in connection with testimony given in a deposition, it shall be marked as required by Paragraph 2(a) of this Order.

 **b.** **Special Procedures for Depositions of Plaintiff Family Members.** The following procedures will govern depositions of the Plaintiff Family Members:

   i. The date and location (or, if the deposition is conducted remotely, the telephone number or video-conference login credentials) of the deposition of any Plaintiff Family Member will be and remain Confidential Attorneys' Eyes Only Information until the day after the conclusion of the deposition.

   ii. Only court reporters and videographers who have reviewed and signed the attached Certification and Acknowledgment of Protective Order (Exhibit A) will be permitted to record the deposition of a Plaintiff Family Member.

   iii. Unless the parties otherwise agree, the only persons who may attend a deposition of a Plaintiff Family Member will be next friends Jessica N. and Gary N.; counsel of record for the parties; attorneys associated with counsel of record for the parties; in-house counsel for a party if such in-house counsel is authorized to receive Confidential Attorneys Eyes Only Information under Paragraph 4(f); support staff for counsel of record for the parties and associated attorneys, including paralegals and legal assistants; and the court reporter and any videographer or associated technician at the deposition.

5

      iv.      The entire transcript of any deposition of a Plaintiff Family Member, as well as all information disclosed therein, will remain Confidential Attorneys' Eyes Only Information until twenty days after receipt of the deposition transcript to allow the Plaintiff Family Members or their counsel to identify and mark pages containing Confidential Attorneys' Eyes Only Information in accordance with Paragraph 2(b) of this Order. Pages marked as containing Confidential Attorneys' Eyes Only Information, as well as the information therein, will remain Confidential Attorneys' Eyes Only Information after the expiration of the twenty-day period. This paragraph remains subject to the provisions of Paragraph 2(d) of this Order, by which a party may object to a confidentiality designation.

      v.      Any video recording of any deposition of a Plaintiff Family Member will permanently beConfidential Attorneys' Eyes Only Information.

    c.    **Hearing and Trial Procedures; Reservation of Rights.** Notwithstanding this Order and the existence or nonexistence of a deposition transcript, the Plaintiff Family Members will be subject to cross examination upon any hearing or trial in this matter before the trier of fact, pursuant to procedures and rules as ordered by the Court to protect the identities of the Plaintiff Family Members. The parties reserve their rights as to whether deposition, hearing, or trial testimony of the children of next friends Jessica N. and Gary N. is needed and/or appropriate. If a party notices the deposition of any of the children of next friends Jessica N. and Gary N., including D.N., and a motion for protective order to limit or prohibit the deposition is filed before the noticed date of the deposition, then the deposition shall be stayed until the Court resolves the motion.

**4.**    <u>***Authorized Recipients of Confidential Attorneys' Eyes Only Information.***</u>

    The following persons are authorized to receive Confidential Attorneys' Eyes Only Information:

    **a.**    the Court and court personnel;

    **b.**    court reporters, videographers, and associated technicians in any discovery or other proceeding in this litigation;

    **c.**    counsel of record for the parties;

    **d.**    attorneys associated with counsel of record for the parties;

    **e.**    support staff for counsel of record for the parties and associated attorneys, including paralegals and legal assistants; and

    **f.**    the following persons, if such disclosure is necessary to allow counsel fully and fairly to represent the party or parties that they represent, and subject to the requirements of Paragraph 5(c) and 5(d):

        i.    Experts (whether testifying or consulting) retained by counsel of record for the parties;

        ii.    School district officials or employees. Information disclosed to school district officials or employees pursuant to this paragraph will be considered Confidential Attorneys' Eyes Only Information, and will not be disclosed by the school district official or employee to any other person not subject to the terms of the Stipulation and Protective Order;

        iii.    In-house counsel (including general counsel) of a party, admitted to practice law in the State of Florida and directly and personally involved in the representation of such party in this case;

        iv.    Professional vendors retained by counsel of record for the parties to provide litigation support services (e.g., photocopying, document management);

        v.    Deposition and trial witnesses in this case, to the extent necessary during or in preparation for their testimony; and

        vi.    Licensed private investigators retained by counsel of record for the parties.

**5.**    *<u>Use and Protection of Confidential Attorneys' Eyes Only Information.</u>*

    **a.**    **General Rule.** Each person who is authorized under Paragraph 4 of this Order to receive information or documents designated as Confidential Attorneys' Eyes Only Information under this Order may not disclose such information to anyone other than persons who are authorized to receive it in Paragraph 4. Such persons may use Confidential Attorneys' Eyes Only Information produced in this case solely for the prosecution or defense (or in the case of the Court and court personnel, adjudication) of this litigation; provided, however, that this Order is not intended to prevent a person authorized under Paragraph 4(f)(ii) or (iii) from using regularly

maintained educational records as a part of their regular employment in the ordinary course of their business and in compliance with the Family Educational Rights and Privacy Act.

      **b.**      **Storage.** Documents containing Confidential Attorneys' Eyes Only Information must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      **c.**      **Acknowledgement of Order By Certain Persons.** Each person who receives Confidential Attorneys' Eyes Only Information under Paragraph 4(f) of this Order must read this Order, sign a copy of the attached Certification and Acknowledgment of Protective Order (Exhibit A), and provide such signed copy to counsel of record for the party providing such information. Counsel of record shall, upon request, and except in the case of experts whose identities are protected from disclosure, provide to counsel of record for any other party a copy of each signed agreement so provided, and shall maintain a copy of each signed agreement until the date by which Confidential Attorneys' Eyes Only Information must be destroyed or returned pursuant to Paragraph 9(c) of this Order.

      **d.**      **Notification Before Disclosure to Certain Persons.** Before disclosing any Discovery Material designated as Confidential Attorneys' Eyes Only Information to any person under Paragraph 4(f)(ii) of this Order, a receiving party must notify D.N.'s counsel by email. Such notification must provide the name, title, and business address of the recipient. If the designating party timely seeks a protective order, the receiving party shall not produce any Confidential Attorneys' Eyes Only Information to the official until the Court has had an opportunity to consider the parties' respective positions and provide instructions. A request for a protective order shall be deemed timely if sought within five (5) calendar days after the written notice required by this provision is provided.

      **e.**    **Filing Under Seal.** If a party wishes to use Confidential Attorneys' Eyes Only Information in any motions, affidavits, memoranda of law, exhibits to motions, or other papers filed with the Court in this case, then such party (a) shall code such documents to substitute initials for the name of each Plaintiff Family Member; and (b) shall redact any other Confidential Attorneys' Eyes Only Information; and (c) may, in accordance with the procedures that govern the filing of sealed documents on the ECF system, file under seal uncoded and unredacted copies of all papers that contain coding or redactions. Counsel for a party filing any papers under seal pursuant to this paragraph shall contemporaneously provide the other parties with a courtesy copy of the entire uncoded and unredacted filing as provided to the Court under seal. If documents are not filed under seal and the Court wishes to review uncoded or unredacted copies of documents that contain coding or redactions, the Court may review such documents *in camera* or order that the uncoded or unredacted documents containing Confidential Information be filed under seal in compliance with this paragraph.

      **f.**    **Use At A Hearing or Trial.** A party that intends to present Confidential Attorneys' Eyes Only Information at a hearing or trial shall bring that issue to the attention of the Court and the parties without disclosing the information. Discovery Material designated as Confidential Attorneys' Eyes Only Information will not be disclosed in open court but may be disclosed only (i) if redacted to omit Confidential Attorneys' Eyes Only Information or coded to substitute initials for the name of a Plaintiff Family Member; (ii) in chambers, when only persons enumerated in Paragraph 4 of this Order are present, (iii) at a hearing or trial closed to the public and open only to persons enumerated in Paragraph 4 of this Order, or (iv) as otherwise directed by the Court. The Court may make such additional orders as are necessary to protect the Plaintiff Family Members, including, in its discretion, instructing the court reporter to separately

transcribe the corresponding testimony and place the following words on the cover of the transcript: "This transcript contains information subject to a Protective Order and shall be used only in accordance therewith."

  **g.**   **Legal Advice Not Forbidden.** This Order does not restrict any attorney who is a qualified recipient under the terms of Paragraph 4 of this Order from rendering advice to a client that is a party to this action, and in the course thereof, from generally relying on any material described in this Order. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the content of any protected information where such disclosure would not otherwise be permitted under the terms of this Order.

**6.**   *<u>Failure to Designate Confidential Attorneys' Eyes Only Information.</u>*

  A party who produces but fails to designate an item as Confidential Attorneys' Eyes Only Information may later so designate the material. Such a later designation will be made in writing and must be made within ten days after the producing party learns of the need to designate the material. Any correction and notice of the correction shall be accompanied by substitute copies of each item, properly marked with a suitable confidentiality designation. Upon receipt of such notice, the receiving party will thereafter treat the item in accordance with the designation. Within 10 calendar days after receipt of substitute copies of the Discovery Material, the receiving party shall (i) destroy or return to counsel for the producing party all undesignated copies of such Discovery Material, and (ii) provide a copy of this Order and written notice of the corrected designation to any third parties who previously received the material.

**7.**   *<u>Protected Information Subpoenaed, Ordered, or Required by Law to Be Produced.</u>*

  If a receiving party or its counsel is required by law to use or disclose any Confidential Attorneys' Eyes Only Information for a purpose other than resolution of this action, or is served

with a subpoena, order, or request by any court, administrative agency, legislative body, government officer, or other person for disclosure of any Confidential Attorneys' Eyes Only Information, the receiving party must:

    a. promptly notify in writing counsel for the designating party by email. Such notification must include a copy of the subpoena, order, or request, if applicable and to the fullest extent permitted by law;

    b. promptly notify in writing the party who caused the subpoena, order, or request to issue that some or all of the material is subject to this Order. Such notification shall include a copy of this Order; and

    c. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected information may be affected.

The foregoing obligations shall apply to any request made by way of a legal or administrative action or pursuant to Florida's Public Records Act, the Florida's Sunshine Law, or similar law. *See*, *e.g.*, Art. I, § 24, Fla. Const.; Ch. 119, Fla. Stat.

If the designating party timely seeks a protective order from this Court, the receiving party shall not produce any such Confidential Attorneys' Eyes Only Information until the Court considered the parties' respective positions and provide instructions. A request for a protective order shall be deemed timely if sought within ten (10) calendar days after the written notice required by Paragraph 7(a) is provided.

**8.** ***Inadvertent Disclosure.***

If Discovery Material designated as Confidential Attorneys' Eyes Only Information is inadvertently disclosed to an individual who is not an authorized recipient under Paragraph 4 of this Order, then the party that made the disclosure shall, upon learning that the disclosed Discovery Material was designated as Confidential Attorneys' Eyes Only Information:

    a. Promptly notify the person or entity to whom the disclosure was made that it contains Confidential Attorneys' Eyes Only Information subject to this Order;

      **b.**      Promptly make all reasonable efforts to retrieve all copies of the Confidential Attorneys' Eyes Only Information from, and preclude dissemination or use by, the person or entity to whom disclosure was inadvertently made; and

      **c.**      Promptly notify the producing party of the inadvertent disclosure, the circumstances of the disclosure, and the steps taken to retrieve and prevent the dissemination or use of the Confidential Information.

**9.** *Duration of this Order.*

      **a.**      The terms of this Order shall remain in full force and effect throughout and after the final resolution of this action, including until all avenues of appellate review have been exhausted, the time to seek such review has expired, or the parties in this action have reached a final settlement of all pending claims between them ("Final Resolution"). This Order may be modified, amended, or supplemented by order of the Court for good cause shown.

      **b.**      After the Final Resolution of this litigation, this Order will remain in full force and effect, and each person who has received Confidential Attorneys' Eyes Only Information will continue to comply with and be bound by this Order. The Court retains jurisdiction to enforce this Order after the Final Resolution of this litigation.

      **c.**      Upon Final Resolution and no later than sixty (60) days after the producing party's request, counsel and the parties will use commercially reasonable efforts to either destroy or return all copies of Confidential Attorneys' Eyes Only Information (including document productions and summaries thereof) to counsel for the producing party, and will certify to the producing party that such destruction or return has been completed.

      **d.**      The termination of this litigation will not relieve any persons or parties provided with Confidential Attorneys' Eyes Only Information of their obligations under this Order.

**10.** *Greater Protection of Specific Documents.* No party may withhold information from discovery on the ground that the information requires greater protection than this Order affords unless the party moves for an Order providing such special protection.

**11.** *Violation and Injunctive Relief.*

If the producing party believes that this Order has been violated, then the producing party may file a motion for injunctive relief to restrict or prevent any disclosure, or to recover any documents that were disseminated contrary to this Order, or for such other relief as may be just and proper.

**12.** *Judicial Determination.*

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery, and Plaintiffs may rely on this Order in producing material protected by this Order. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated by counsel as Confidential Attorneys' Eyes Only Information is subject to protection, except to the extent provided in this Order, until the Court makes a document-specific ruling in a written Order.

**13.** *Modification.* This Order may be modified, amended, or supplemented by order of the Court for good cause shown. A party may file a motion for modification of, or relief from, this Order after conferring with counsel as required by the Local Rules.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on October 22nd, 2021.

                                        PATRICK M. HUNT
                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
    The Honorable Roy K. Altman
    All Counsel of Record

**EXHIBIT A**

**Certification and Acknowledgment of Protective Order**

I have received a copy of the Protective Order that has been entered in the case of in *D.N.*, *et al. v. DeSantis*, *et al*., 21-cv-61344-RKA, pending in the United States District Court for the Southern District of Florida.

I have carefully read the Protective Order and understand them. I agree to be bound by the Protective Order. I will not use or disclose to anyone any information or documents designated as "CONFIDENTIAL—ATTORNEYS EYES ONLY" under the Protective Order, except as explicitly permitted in the Protective Order. I understand that a violation of the Protective Order may be punishable as a contempt of court and that the Court may impose severe penalties for a willful violation of Protective Order.

Upon the conclusion of the case and the exhaustion of all appeals, or the expiration of the period for filing any appeals or petitions for rehearing or review, I will destroy all Confidential Attorneys' Eyes Only Information, including all copies, or will return it to counsel for the party or non-party who disclosed it to me.

I hereby submit to the jurisdiction of the United States District Court for the Southern District of Florida for purposes of enforcement of the Protective Order.

I understand that violation of the Protective Order can subject me to penalties.

Date: _____   Signature: _____

Printed Name: _____